**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4903**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

STANLEY E. HARRISON,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.   J. Frederick Motz, Senior District Judge.  (1:06-cr-00478-JFM-5)

Submitted:  July 21, 2011              Decided:  July 25, 2011

Before NIEMEYER and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Allen H. Orenberg, THE ORENBERG LAW FIRM, P.C., North Bethesda, Maryland, for Appellant.   Debra Lynn Dwyer, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stanley E. Harrison pled guilty pursuant to a written plea agreement to conspiracy to distribute and to possess with intent to distribute one kilogram or more of heroin, 21 U.S.C. §§ 841(b)(1)(A), 846 (2006). He was sentenced at the bottom of the advisory Guidelines range to 262 months' imprisonment. On appeal, Harrison's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious issues for appeal, but questioning whether Harrison received ineffective assistance of counsel below. Although informed of his right to do so, Harrison has not filed a pro se supplemental brief. The Government has declined to file a response. We affirm.

To prove a claim of ineffective assistance of counsel, a defendant must show (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first prong, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." Id. at 688. In addition, "[j]udicial scrutiny of counsel's performance must be highly deferential." Id. at 689.

We will address a claim of ineffective assistance on direct appeal only if the lawyer's ineffectiveness conclusively

2

appears on the record. <u>United States v. Baldovinos</u>, 434 F.3d 233, 239 (4th Cir. 2006). Otherwise, such claims are more properly raised in a motion filed pursuant to 28 U.S.C.A. § 2255 (West Supp. 2011). Our review convinces us that ineffective assistance does not conclusively appear on the face of this record, and therefore we decline to address this claim on direct appeal.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Harrison, in writing, of the right to petition the Supreme Court of the United States for further review. If Harrison requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Harrison. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3